IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER MONROE,

        Plaintiff,                    No. CIV S-07-2557 MCE GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Named as defendants are Governor Schwarzenegger and James Tilton, Secretary of the California Department of Corrections and Rehabilitation. Plaintiff alleges that High

1  Desert State Prison (HDSP), where he is currently housed, is unconstitutionally overcrowded.
2  Allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment.
3  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348, 101 S.Ct. 2392 (1981); <u>Balla v. Idaho State Bd. of Corr.</u>,
4  869 F.2d 461, 471 (9th Cir. 1989).  Where crowding causes an increase in violence or reduces the
5  provision of other constitutionally required services, or reaches a level where the institution is no
6  longer fit for human habitation, however, the prisoner may be able to state a claim.  As will be
7  discussed below, plaintiff's allegations demonstrate a potential effect that overcrowding may
8  have, or allege a highly speculative cause and effect relationship between overcrowding and the
9  alleged harm to be avoided.

10  Plaintiff alleges that HDSP is more dangerous.  As stated above, an increase in
11 violence caused by overcrowding states a colorable claim.  The only specific claim of violence is
12 that on November 14, 2007, white inmates took an aggressive posture towards the Northern
13 Mexican inmates over a fist fight that occurred in the dining hall.  Plaintiff alleges that this
14 incident was caused by overcrowding.  However, other than this conclusory assertion, plaintiff
15 pleads no specific facts demonstrating how overcrowding caused this fight.  Accordingly, this
16 claim is dismissed.

17  Plaintiff alleges that due to overcrowding, he faces a substantial risk of exposure
18 to infectious diseases.  However, plaintiff does not allege that he himself has contracted any
19 diseases.  Any injury caused by this condition is speculative.  Accordingly, this claim is
20 dismissed.

21  Plaintiff alleges that there are not enough showers, toilets or urinals.  Plaintiff
22 alleges that this condition has triggered explosive frustration.  Plaintiff's claim that inadequate
23 showers, toilets and urinals has caused an increase in violence is vague and conclusory.  Plaintiff
24 does not describe any incidents of violence nor how they are related to overcrowding.

25  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
26 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 12/20/07

/s/ Gregory G. Hollows

mon2557.b   UNITED STATES MAGISTRATE JUDGE