IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MONROE, | No. 2:07-CV-02557-ATG |
| Plaintiff, | ORDER |
| vs. | (DOCUMENT # 28) |
| ARNOLD SCHWARZENEGGER, Governor of the State of California, MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, TODD SPITZER, Assembly Member, TOM FELKER, Warden, High Desert State Prison, DOES, 1–20,<br>Defendants. | |

**BACKGROUND**

Plaintiff Christopher Monroe is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), and is currently incarcerated at the High Desert State Prison (HDSP). Proceeding pro se, Monroe filed suit under 42 U.S.C. § 1983. His amended complaint alleges that he is receiving inadequate medical care because of prison overcrowding. He seeks injunctive relief from the overcrowding of inmates at HDSP, costs of the suit, and any other relief this court may deem appropriate. Monroe contends that he was diagnosed with congestive heart failure and hypertension during the initial medical screening that took place when he was transferred to CDCR custody and that, because of the "overcrowding crisis," defendants have exhibited "deliberate indifference" to his medical needs.

Defendant Spitzer filed an unenumerated Federal Rule of Civil Procedure 12(b) motion to dismiss on the grounds that the doctrine of legislative immunity and the Eleventh Amendment to the United States Constitution bar Monroe's claim, as well as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Defendants Schwarzenegger, Cate, and Felker filed an unenumerated 12(b) motion to dismiss for failure to exhaust the prison grievance process before filing suit, as well as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, contending that Monroe's claim is subsumed within the class action case of *Plata v. Schwarzenegger*, No. 01-1351 (N.D. Cal.).

Monroe has filed statements of non-opposition to these motions. He bases his non-opposition to Spitzer's motion on his "inability to draft and objectively submit a substantial opposition without adequate legal materials . . ." and urges this court to rely on his complaint in ruling on the motion to dismiss. Monroe bases his non-opposition to Schwarzenegger, Cate and Felker's motion on the same reason, but goes on to argue that the declarations they submitted are inadequate to establish that Monroe in fact failed to exhaust the CDCR's administrative review process. He also asserts that the pendency of the class proceedings in *Plata* is not a ground for dismissal of his separate action.

## DISCUSSION

### A. Legislative Immunity

Monroe sued Spitzer in both official and individual capacities, but alleges actions that Spitzer could have taken only in his official capacity. Monroe alleges that Spitzer, as a chair of a legislative select committee on prison construction and operations, was aware of the overcrowding issues affecting CDCR and was "an intervenor in the current negotiations involving the overcrowding crisis."

The United States Supreme Court has held that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (citing *Tenny v. Brandlove*, 341 U.S. 367, 372 (1951)). Because Monroe's claims against Spitzer are based on allegations of actions that Spitzer could have taken only in his capacity as a state legislator, his complaint against Spitzer is dismissed

with prejudice.

**B.    Exhaustion**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates who seek injunctive relief must exhaust all available administrative procedures prior to filing suit in federal court "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has stated that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).

California provides inmates the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). This process has several levels of appeal, including (1) informal resolution; (2) first formal level; (3) second level appeal to the institution head; and (4) third level appeal to the Director of the CDCR. *See id.* §3084.5.

Failure to exhaust administrative remedies is an affirmative defense that defendants have the burden to raise and prove. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (2003). Here, defendants Schwarzenegger, Cate and Felker have submitted declarations from the inmate appeals coordinator for HDSP and from the chief of CDCR's inmate appeals branch. These declarations establish that Monroe failed to initiate the administrative appeal process before he filed suit. Monroe does not seriously contest these declarations, but instead argues that they are "inexplicable on their faces" and unauthenticated. Defendants have carried their burden by showing that Monroe has not even begun, let alone exhausted, the administrative appeals process, and Monroe has failed to refute that showing. Therefore, Monroe's complaint is dismissed without prejudice. *See id.* at 1020 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

## C. Effect of *Plata v. Scwarzenegger*

Defendants Schwarzenegger, Cate, and Felker argue that Monroe, as an inmate with serious medical needs, is a class member in the *Plata* litigation currently ongoing in the Northern District of California, and that, as a class member, he is barred from bringing an independent lawsuit that seeks the same relief at issue in *Plata*. Review of the Stipulation for Injunctive Relief filed in *Plata*[1] reveals that the suit was brought on behalf of California state prisoners with serious medical needs, and alleged that these prisoners "are not receiving constitutionally adequate medical care as required by the Eighth Amendment to the U.S. Constitution . . . ." Stipulation for Injunctive Relief at ¶ 2, *Plata v. Schwarzenegger*, No. 01-1351 (E.D.Cal. June 13, 2002). The Stipulation directs class members with "complaints regarding medical care" to first exhaust the inmate grievance procedure and then "bring the medical care concern to the attention of defense counsel, who shall respond in writing within 30 days." *Id*. at ¶ 7. Furthermore, on February 9, 2009, a three-judge panel convened to address allegations of overcrowding issued a tentative ruling indicating that it may issue a prisoner release order as a remedy to the unconstitutional prison conditions. Tentative Ruling at 6, *Plata v. Schwarzenegger*, No. 01-1351 (E.D. Cal. Feb. 9, 2009).

The Fifth and Tenth Circuit Courts of Appeal, as well as other district courts in this circuit, have held that "[s]eparate individual suits may not be maintained for equitable relief from allegedly unconstitutional . . . prison conditions." *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165–66 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action.") (citations omitted); *Grajeda v. Horel*, No. 07-4752, 2009 U.S. Dist. LEXIS 8923, at *15 (N.D. Cal. Feb. 6, 2009).

Monroe does not deny that he is a member of the *Plata* class, but argues that this court

---

[1] This court grants defendants' request for judicial notice of the Stipulation for Injunctive Relief pursuant to Federal Rule of Evidence 201.

-4-

should not take judicial notice of that case. Allowing Monroe to proceed with an independent lawsuit would interfere with and add needless complication to the ongoing proceedings in *Plata v. Schwarzenegger*. Therefore, after exhausting administrative remedies, Monroe may be eligible to seek relief in accordance with the *Plata* Stipulation for Injunctive Relief.

## CONCLUSION

In sum, the doctrine of legislative immunity bars Monroe's claim against Spitzer, and his complaint against Spitzer is dismissed with prejudice. Monroe has failed to exhaust the administrative appeals process as required by 42 U.S.C. § 1997e(a). Therefore, his complaint against defendants Schwarzenegger, Cate, Felker, and Does 1 through 20 is dismissed without prejudice. Furthermore, as a member of the class of plaintiffs in *Plata v. Schwarzenegger*, Monroe is barred from bringing an independent suit that seeks the same relief. Therefore, after exhausting the administrative appeals process, any relief to which he may be entitled must be sought as provided in the *Plata* Stipulation for Injunctive Relief.

IT IS SO ORDERED.

Dated: March 9, 2009.

/s/ Alfred T. Goodwin
_____
Alfred T. Goodwin,
United States Circuit Judge,
Sitting by assignment